# Alabama G. S. R. R. Co. *v.* Cardwell.

*Injury to Servant.*

(Decided November 19, 1912. 60 South. 107.)

1. *Witnesses; Impeachment; Evidence.*—Where the action was for injuries received by an employee in the railroad yard while endeavoring to get a detached car upon the scales under orders from the yard master, which was unexpectedly struck by a switch engine, it was competent to show that the yard master admitted knowing of plaintiff's position at the time he gave the orders for the moving of the engine, but had forgotten about it, in view of the yard master's testimony that he did not know of the plaintiff's presence, although it was a subsequent declaration of an agent ordinarily not binding on the master.

2. *Master and Servant; Injury to Servant; Contributory Negligence.*—Where a railroad yard employee was injured while assisting in pushing a detached car upon the scales under the direction of the yard master, he was not negligent as a matter of law, if the posi-

[Alabama G. S. R. R. Co. v. Cardwell.]

tion in which he placed himself became dangerous only because of the moving of an engine against the car.

3. *Same; Duty of Superintendent.*—An employee has a right to assume that the superintendent would warn or notify him of the moving of the switch engine, causing his position to become one of danger, before giving directions for the moving of same.

4. *Same; Negligence of Superintendent.*—Where the evidence was conflicting as to whether the yard master knew of plaintiff's position, and there was evidence that the engine was moved against the car by his orders without notice or warning to his subordinate, thus causing an injury to his subordinate, the question of the yard master's knowledge of plaintiff's position at the time was one for the jury.

5. *Same.*—Where the yard master has general superintendence over the work being done and orders a yard employee to assist in placing a detached car upon the scales, and in obeying the employee is injured because of the negligence of the yard master, the railroad company is liable, although it did not specially authorize the giving of that particular order.

6. *Same; Instructions.*—Where it was a question in issue whether the yard master knew of plaintiff's position after the signal to move the engine was given, and failed to warn him, it was proper to refuse an instruction that the defendant was not liable, if the yard master did not know of plaintiff's position under the car at the time the signal was given, it further appearing that plaintiff was working in obedience to the yard master's instructions.

7. *Same.*—Where the action was for injuries caused from a switch engine being moved under orders of the yard master against the car beneath which the injured employee was working, a charge to find for the defendant if the yard master was not guilty of negligence in and about the moving of the engine, was misleading in ignoring the issue of failure to warn and also tended to lead the jury to believe that the yardmaster was himself moving the car.

8. *Same.*—Where there was no pretense of any negligence on the part of any one except the yard master the refusal of the court to instruct that the jury should not find for the plaintiff unless the yard master was guilty of negligence, was error to reversal.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Charlie Cardwell against the Alabama Great Southern Railroad Company for damages sustained while in its employment. From judgment for plaintiff, defendant appeals. Reversed and remanded.

For original counts 1, 2, and 5, see former report of this case in 171 Ala. 274, 55 South. 185. On remandment, counts 1 and 2 were amended, as follows:

[Alabama G. S. R. R. Co. v. Cardwell.]

"(1) Plaintiff claims of defendant the sum of $20,000 as damages, and avers that on, to wit, January 8, 1909, defendant operated a railroad line through Bessemer, Jefferson county, Ala., and operated in its yard at Bessemer, Ala., a switch engine to propel cars in its said yard at said place, which said yard and engine was in charge or control of defendant's employees, who were engaged in operating said switch engine, and under the supervision of C. E. Hardy, who was in the employment of defendant, and who had superintendence of said employees and said switch engine intrusted to him as yardmaster in said yard; that on said date plaintiff was in the employment of defendant in said yard as a foreman of said switch engine and switching crew aforesaid; that on said date said plaintiff and said switching crew were engaged for the defendant in defendant's said yard at Bessemer, under the supervision and control of said C. E. Hardy, said yardmaster, and were engaged in weighing cars for defendant in said yard, and that in placing one of said cars on said scales in said yard it was propelled with the said engine out of position on said scales for weighing, and was uncoupled and disconnected from said engine; and this plaintiff was engaged in shoving or pushing said car upon said scales to weigh the same, and that in shoving or pushing said car plaintiff stooped down and took hold of one of the wheels of said car, leaving his view obstructed to said engine, and which was known to the said C. E. Hardy; that notwithstanding plaintiff's peril and dangerous position of said car, said C. E. Hardy, at the time acting in the capacity as superintendent for the defendant's said yard permitted or allowed or directed defendant's said switch engine to be propelled against other cars, and the said cars aforesaid, and thereby propelled or shoved said afore-

said car upon or against plaintiff, and as a proximate consequence thereof, plaintiff was injured. [Here follows the injuries.]   Hence this suit.   And plaintiff avers his said damages and injuries are caused as aforesaid, owing to and as a proximate consequence of the negligence of said C. E. Hardy, defendant's said superintendent, as yardmaster in its said yard, committed while said Hardy was in the exercise of superintendence intrusted to him by the defendant, and which negligence consisted in this:   That said Hardy, well knowing plaintiff's peril and dangerous position, and well knowing said engine was being propelled against the said cars, negligently suffered said car to be shoved or propelled upon plaintiff."

Count 2 is the same as 1, but the negligence alleged is that said Hardy failed to notify or warn the plaintiff that said engine was being propelled against the cars, having a knowledge of the perilous and dangerous position of plaintiff, and with a knowledge that said engine was being propelled against said cars.

The assignments of error 3 to 8, inclusive, are as follows:

(3) and (4) Overruling objection of appellant, and overruling motion to exclude the following questions propounded by appellee to witness Hardy:   "Did you not tell Mr. Cardwell, in March or April, after the accident, up there some where near the Alabama Great Southern depot, or about the depot there some place, that the reason you did not holler to him, or say something, you forgot all about Martin saying he was going to back up?"

(5) and (6) "And did you not tell Joe Cutliffe and the fireman, named Sager, the same thing?"

(7) and (8) Overruling objection of appellant to question propounded by appellee as follows:   "Tell the

jury if you had a conversation with Mr. Hardy in March or April, after you were hurt, in which conversation he stated to you that the reason he did not holler to you, or notify you that they were going to back up, was because he had forgotten about Martin telling him about backing up?"

The following charges were refused to the defendant:

(8) "The court charges you, gentlemen of the jury, that if you believe, from all the evidence in this case, that at the time the signal was given to move back the cars, to couple to the car under which plaintiff was working, the defendant's yardmaster, Hardy, did not know of plaintiff's position under said car, then you must find a verdict for the defendant."

(11) "The court charges the jury that if you believe, from all the evidence in this case, that the defendant's yardmaster, C. E. Hardy, was not guilty of any negligence in and about the moving of the car under which plaintiff was working, then you must find a verdict for the defendant."

(16) "The court charges you, gentlemen, that unless you are reasonably satisfied, from all the evidence in this case, that Hardy knew of plaintiff's dangerous and perilous position under or behind said car, you cannot find a verdict for plaintiff."

(G) "You cannot find a verdict for the plaintiff, unless you be reasonably satisfied from the evidence that the defendant's yardmaster, Hardy, had actual knowledge of plaintiff's perilous and dangerous position under the car in time to have prevented such injury."

(19) "The court charges the jury that, if you believe all the evidence in this case, the plaintiff was negligent in and about placing himself in close proximity to the car of the defendant on its said track; and if you be-

lieve, from all the evidence, that such negligence prox-
imately contributed to his injury, then you cannot find
a verdict for the plaintiff."

(20) "The court charges the jury that, if you be-
lieve all the evidence in this case, the plaintiff was
negligent in placing himself on the track of the de-
fendant in close proximity to the car."

(C) "The court charges you, gentlemen of the jury,
that under the issues in this case you cannot find a ver-
dict for the plaintiff on account of any negligence of
any person in the employment of the defendant, other-
wise than Hardy; and unless you are reasonably satis-
fied, from all the evidence in the case, that Hardy, the
yardmaster, was guilty of negligence, you cannot find
a verdict for the plaintiff."

(I) "The court charges you that if you believe, from
all the evidence, that at the time the signal was given
to move back the cars to couple to the car under which
plaintiff was working, the defendant's yardmaster,
Hardy, did not know that to move said cars back would
result in injury likely or probably to the plaintiff, you
must find a verdict for the defendant."

A. G. & E. D. SMITH, for appellant. The demur-
rers point out the defects in counts one and two and
should have been sustained.—*Sloss-S. S. & I. Co. v.
Chamblee,* 48 South. 644; *A. G. S. v. Hall,* 105 Ala. 599;
*Mary Lee Coal Co. v. Chambless,* 97 Ala. 171; *Warden
v. L. & N. R. R. Co.,* 94 Ala. 277; *G. P. Ry. Co. v.
Probst,* 85 Ala. 203. It was not competent in the man-
ner attempted to bind the defendant by the subsequent
statement of Hardy.—*Tanner's Case,* 60 Ala. 621; *M.
& C. R. R. Co. v. Womack,* 84 Ala. 149; *Steen v. San-
ders,* 116 Ala. 155; *L. & N. R. R. Co. v. Carr,* 91 Ala.
271. Where there is no competent evidence of the fact

illegal evidence cannot be admitted for the purpose of impeachment.—*Naugher v. The State*, 115 Ala. 463. See also the following cases: *Flinn v. Barber*, 64 Ala. 193; *Washington's Case*, 63 Ala. 189; *March v. Bell*, 48 Ala. 197; *Callam v. Daniels*, 76 Ala. 96. The plaintiff was guilty of contributory negligence under the evidence and the pleas.—*Jones v. Collins*, 80 Ala. 108; *Taylor v. Smith*, 104 Ala. 537; *Andrew's Case*, 99 Ala. 437; *Warden v. L. & N. R. R. Co., supra; M. & C. R. R. Co. v. Martin*, 131 Ala. 269. The defendant therefore was entitled to the general charge on the whole case. It was certainly entitled to the general charge on count one because the allegation that plaintiff's position was known to Hardy was not supported by any evidence. —*Johnson v. B'ham Ry. L. & P. Co.*, 43 South. 33; *Brown v. L. & N. R. R. Co.*, 111 Ala. 275. It was necessary to allege Hardy's knowledge of the plaintiff's position of peril and even if it was not necessary it was alleged and must be proven.—*A. G. S. R. R. Co. v. McWhorter*, 47 South. 84; *Hood v. Pioneer M. & M. Co.*, 95 Ala. 461. The defendant was entitled to the affirmative charge as to count two for the same reason and on the same authority and for the additional reason that it was not claimed to be the duty of Hardy to warn plaintiff, nor does it tend to show that there was any negligent failure on the part of Hardy to warn him.— *A. G. S. R. R. Co. v. Brock*, 49 South. 453; *Tinney v. Central of Ga. R. R.*, 129 Ala. 523; *Southern Ry. Co. v. Shelton*, 136 Ala. 191. Defendant was also entitled to the affirmative charge as to count five, as amended for the reasons and on the authorities above stated, and for the further reason that there was no evidence that Hardy was a vice principal of defendant, but merely showed that he had supervision entrusted to him as yardmaster.—*A. G. S. R. R. Co. v. Vail*, 142 Ala. 134; *Postal*

*Tel. Co. v. Hulsey,* 115 Ala. 193; *R. R. Co. v. Davis,* 92 Ala. 300; *Dantzler v. DeBardelaben C. & I. Co.,* 101 Ala. 309. There is no evidence whatever that Hardy was conveying the instructions of the defendant in this case or in fact that the defendant gave any instructions whatever with regard to the same, and the general charge as to the fourth count should have been given for the defendant.—*Bessemer C. I. & L. Co. v. Doak,* 44 South. 627; *B'ham Southern v. Gunn,* 141 Ala. 372; *Southern Ry. Co. v. Yancey,* 141 Ala. 246. It follows from these authorities that the charged requested by and refused to the defendant should have been given.

PINKNEY SCOTT, for appellee. The former report of the appeal in this case disposes adversely to the appellant of all errors assigned on the pleadings.—*A. G. S. R. R. Co. v. Cardwell,* 55 South. 185. The assignment of errors as to evidence of Hardy's subsequent statement has been decided adversely to appellant in the following cases.—*Tanner v. L. & N. R. R. Co.,* 60 Ala. 643; *A. G. S. R. R. Co. v. Bonner,* 39 South. 16. The question of contributory negligence in this case was properly submitted to the jury as it could not be said that plaintiff was negligent as a matter of law.—*Sloss-Sheffield S. & I. Co. v. Mobley,* 139 Ala. 425; *Goin v. Ala. S. & W. Co.,* 141 Ala. 537. The other proposition asserted by appellant are sufficiently answered by the former opinion in this case and by section 546 of 2 Labatt Master & Servant, and authorities therein cited.

DOWDELL, C. J.—This case was tried in the court below on the first, second, and fifth counts of the complaint. On the former appeal the fifth count was held to be good, and not subject to demurrers; but the first and second counts were held to be subject to demurrer.

[Alabama G. S. R. R. Co. v. Cardwell.]

See 171 Ala. 274, 55 South. 185. Since the remandment of the cause, the first and second counts have been amended to conform to the ruling of this court on the former appeal; and, following what was there said, the lower court on the last trial properly overruled the demurrers to the counts as amended.

Assignments of error from 3 to 8, inclusive, relate to the rulings of the trial court on the admission of evidence. The purpose of the evidence was the impeachment of the witness Hardy on a material question, namely, the witness' knowledge of the perilous position of the plaintiff at the time of the alleged injury. This witness had testified for the defendant, on his direct examination, to a want of knowledge on his part of the plaintiff's being under the car, and the tendency of the evidence introduced was to contradict this statement, and hence was of an impeaching character. There was other evidence on the part of the plaintiff, open to inference by the jury of a knowledge by Hardy of the whereabouts of the plaintiff at and before the time the cars were moved back, resulting in the injury to the plaintiff. The evidence was not objectionable on the theory, as contended by counsel for appellant, of binding the defendant by a subsequent declaration of the agent, and therefore the authorities cited are not in point.

The case of *Tanner's Ex'r v. Louisville & Nashville Railroad Co.*, 60 Ala. 621, cited by appellant, is opposed to the contention of counsel, and is an authority in point supporting what we have said. See, also, *A. G. S. R. R. Co. v. Bonner*, 39 South. 620.

The plaintiff was injured while in the performance of his duty as an employee of the defendant in weighing cars. It was in the line of his duty, while so engaged, to assist in placing the car on the scales to be

weighed; and it was while so engaged, in assisting to place the car on the scales, that the injury complained of occurred. The car to be weighed had been pushed upon the scales, which were between the rails of the track, by a switching engine, and had been uncoupled and disconnected from the engine and the engine and the other cars attached thereto had been removed some distance away—about two car lengths—from the car in question. In placing the car on the scales with the engine, one end of the car was pushed slightly off of, or beyond, the scales, about six or seven inches, so that it became necessary, in order to weigh it, to push or roll it back, and this was attempted to be done by hand and without the aid of the engine. In the effort to so move the car, Hardy, the yardmaster, and one Martin, were pushing at the end of the car next to the detached engine, while plaintiff was at the other or far end. The plaintiff was under the end of the car, pushing against the wheel, and was so doing in order to render more effective service in moving the car. As stated by the witness Hardy (transcript, page 42), "one pushing the car would be able to push more by pushing the wheel."

The doctrine that a railroad track is a dangerous place, under the circumstances in the instant case, is without application; and the authorities cited by counsel, we think, are not in point. The car was detached from the engine for the purpose of being weighed, and in that condition the position taken by the plaintiff, in assisting to push the car on the scales, was not per se dangerous, and cannot be affirmed as matter of law negligence. It could become dangerous only by moving the engine against the car. The undisputed evidence showed that Hardy was defendant's yardmaster, and had superintendence and control of the yards, and

of all the employees in the yards, including the plaintiff. The switch engine and crew were under his superintendence and control, and the movements of the engine subject to his order and direction.

There was evidence tending to prove that the engine was run back against the car, by the order and direction of Hardy, without notice or warning to the plaintiff, and under all of the evidence it was open to the jury to infer that Hardy had knowledge, at the time, of plaintiff's whereabouts and position.

It was Hardy's duty, in his superintendence and control of the plaintiff, and of the work being done at the time, to warn and notify the plaintiff, before giving the direction for the engine to move, that the same would be done, and the plaintiff had a right to assume that his superintendent would do his duty. The case is not one of an employee's presuming that a coemployee will do his duty. It is more. Hardy was the plaintiff's superintendent, and was in superintendence and control of the plaintiff, and of the work being done.

The facts in the *Roach Case,* 110 Ala. 271, 20 South. 132, cited and relied on by counsel, were different from the facts in the case before us. We are of the opinion that the trial court properly refused the general affirmative charge, requested by the defendant, as to the whole complaint, and the several counts, and properly submitted the question of contributory negligence to the jury.

It is urged that there is no evidence tending to support the fifth count, which was drawn under the second clause of the fourth subdivision of the employer's liability statute (section 3910 of the Code), and this, upon the theory that there is no evidence that the master gave the *particular instruction* alleged in the complaint, or, in other words, no evidence of *corporate ac-*

*tion* in the giving of the particular instruction which resulted in the injury. Hardy was shown to be yard-master, with general superintendence intrusted to him over the work being done; and we think there can be no doubt of his authority, as such, to give the *particular instruction* alleged, in the carrying out of which the injury resulted; and any negligence of his in giving the instruction resulting in injury to the servant, would fix a liability upon the master.

There was no error in the refusal to give written charge 8, requested by the defendant. As we have said, it was inferable by the jury, from all the evidence, that Hardy knew of the plaintiff's position under the car, before the signal was given to move back and couple to the car; and it was his duty, in the exercise of due care, to notify the plaintiff of his purpose to signal the engine to move back and couple to the car, and, failing in this, he was negligent, and cannot escape liability upon the idea of want of actual knowledge of plaintiff's position under the car at the time the signal was given to move the engine. If Hardy knew of plaintiff's position, after the signal was given, and "failed to notify or warn plaintiff that said engine was being propelled against said car," he was guilty of negligence, for which the defendant would be liable; and this was an issue under the second count, and in this respect the charge was misleading and bad.

Written charge 11 was of a misleading tendency, and was therefore properly refused. This charge in a way ignored the issue of the failure to notify and warn, and was calculated to lead the jury to believe that Hardy must have been in the act of moving the car himself.

Written charges 16 and G, refused to the defendant, were asked as to the complaint as a whole. It is insisted in argument that these charges should have been

given, upon the theory of a variance between the allega-
tions and the proof. It is argued that the complaint
alleged actual knowledge on the part of Hardy of the
plaintiff's position of peril under or behind the car.
This may be so as to the averments of counts 1 and 2,
but is not true as to the averments of count 5. There
was no error in refusing these charges.

Under the evidence in this case it was not negligence
per se for the plaintiff to take hold of the wheel of the
car, in the way in which he did, in assisting to move
the car onto the scales, nor was it an unnecessary act.
There was evidence tending to show that this was a
more effective way than pushing with his hands and
shoulder against the side of the car. Charges 19 and
20, requested by the defendant, were therefore proper-
ly refused.

As the case was finally submitted to the jury, there
was no pretense of any negligence on the part of any
one except Hardy, and the trial court should have
given charge C, as requested by the defendant, and its
refusal constitutes reversible error.

What we have already said is sufficient to condemn
charge I, requested by the defendant. "Each count of
the complaint" did not aver knowledge on the part of
Hardy of plaintiff's perilous position, as contended by
counsel.

For the error pointed out, the judgment must be re-
versed, and the cause remanded.

Reversed and remanded. All the Justices concur.